IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUND, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| BUSHWACKER, INC. and<br>BUSHWACKER AUTOMOTIVE<br>GROUP, LLC | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

# COMPLAINT

For its Complaint against Defendants Bushwacker, Inc. and Bushwacker Automotive Group, LLC (collectively "Bushwacker" or "Defendants"), Plaintiff Lund, Inc. ("Lund") alleges as to its own acts, and on information and belief as to the acts of others, as follows:

## The Parties

1. Plaintiff Lund is a corporation organized and existing under the laws of Delaware and has a principal place of business at 4325 Hamilton Mill Road, Buford, Georgia 30518.

2. Upon information and belief, Defendant Bushwacker, Inc. is a corporation organized and existing under the laws of Oregon and has a principal place of business at 6710 North Catlin Avenue, Portland, Oregon 97203. Upon information and belief, Defendant Bushwacker Automotive Group, LLC is a corporation organized and existing under the laws of Oregon and has a principal place of business at 6710 North Catlin Avenue, Portland, Oregon 97203.

## Jurisdiction

3. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 281-285.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants purposefully availed themselves within this District by deliberately placing the infringing vehicle shield products in the stream of commerce aware that the infringing vehicle shields are being marketed, offered for sale, and sold in this District.  Upon information and belief, Defendants' infringing vehicle shield products are marketed, offered for sale or sold in Georgia by at least three distributors in this District.

6. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400(b).

## Factual Background

7. On May 26, 1998, United States Patent No. 5,755,483 entitled "Vehicle Shield Device" ("the '483 patent") was duly and legally issued to Plaintiff as assignee of the inventor James R. Lund.  Plaintiff is the owner of the entire right, title and interest in and to the '483 patent and has been and still is the owner thereof.  The '483 patent is attached as Exhibit A.

8. Upon information and belief, Defendants acquired certain assets of Kalot Industries, Inc. d/b/a Stampede Products, Inc. ("Stampede"), including molds used to make the infringing products and other assets related to the infringing products. Stampede had operated under a license to the '483 patent, which was not assignable without Lund's consent. Stampede did not request and Lund did not consent to an assignment of the Stampede license to Defendants. Defendants did not acquire a license to the '483 patent or obtain Lund's permission to make the infringing products.

## Count 1 – Infringement of the '483 Patent

9. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–8 of the Complaint as if fully set forth herein.

3

10. Defendants have manufactured, used, sold, and/or offered for sale in the United States certain vehicle shields, including at least the Stampede VP (Vigilante Premium) Series Hood Protectors and Stampede LP (Low Profile) Hood Protectors, which infringe the '483 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a).

11. Defendants have also induced, and continue to induce, infringement of the '483 patent under 35 U.S.C. § 271(b) by selling vehicle shields to customers who have obtained those shields and mounted them to their vehicles as instructed by Defendant. Defendants' instructions are attached as Exhibit B.

12. Defendants are and have been aware of the '483 patent since at least the time they acquired certain assets from Stampede and know that their sale of vehicle shields and instructions for use of the same induces customers who have obtained those shields and mounted them to their vehicles, as instructed by Defendants, to directly infringe the '483 patent. Defendants' knowledge of the '483 patent, combined with Defendants' instructions for use of vehicle shields in a manner specified by the '483 patent, demonstrate that Defendants intended to induce their customers to infringe the '483 patent.

13. Plaintiff has complied with the notice provision of the patent statutes by marking its vehicle shields with the patent number and through letters written to Defendants.

14. Defendants have had actual knowledge of the '483 patent since at least the time they acquired certain assets of Stampede, and their infringement of this patent has been and continues to be willful and deliberate.

15. Plaintiff has been damaged by Defendants' infringement of the '483 patent and will continue to be damaged in the future unless Defendants are permanently enjoined from infringing and inducing the infringement of said patent.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment that Defendants have infringed and/or induced the infringement of United States Patent No. 5,755,483;

b. An injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees and all others acting under or through them, directly or indirectly, from infringing or inducing the infringement of United States Patent No. 5,755,483;

Case 1:14-cv-01720-TWT   Document 1   Filed 06/04/14   Page 6 of 7

c. A judgment and order requiring Defendants to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

d. A judgment and order directing Defendants to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285, with interest; and

e. Such other and further relief as this Court may deem just and equitable.

## Demand for Jury Trial

Plaintiff hereby respectfully demands that all issues be determined by jury.

Date: June 4, 2014

　　　　　　　　　　　　　　　　 *s/ Jeffrey D. Blake, Esq.*
　　　　　　　　　　　　　　　　Jeffrey D. Blake
　　　　　　　　　　　　　　　　Georgia Bar Number 253018
　　　　　　　　　　　　　　　　MERCHANT & GOULD, P.C.
　　　　　　　　　　　　　　　　191 Peachtree Street, NE
　　　　　　　　　　　　　　　　Suite 4300
　　　　　　　　　　　　　　　　Atlanta, Georgia 30303-1740
　　　　　　　　　　　　　　　　Telephone: 404-954-5100
　　　　　　　　　　　　　　　　Email: JBlake@merchantgould.com

　　　　　　　　　　　　　　　　Anthony R. Zeuli
　　　　　　　　　　　　　　　　MERCHANT & GOULD, P.C.
　　　　　　　　　　　　　　　　3200 IDS Center
　　　　　　　　　　　　　　　　80 South Eighth Street

6

Minneapolis, MN 55402-2215
Telephone:  612-332-5300
Email:  TZeuli@merchantgould.com

*Attorneys for Plaintiff*
*Lund, Inc.*